# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ANTHA GREEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CV412-269 |
| ) | |
| CARL HUMPHPREY, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Antha Green, a Georgia state prisoner currently incarcerated at the Coffee County Correctional Facility in Nichols, Georgia has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to proceed *in forma pauperis* (IFP). Docs. 1 & 2. He appears to lack sufficient resources to pay the filing fee, so his IFP motion is **GRANTED**. Doc. 2. But because it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," his petition should be summarily dismissed under 28 U.S.C. § 2254 Rule 4.

Green's filing, which attacks a 2003 conviction, is untimely. Doc.

1

1 at 1. The timeliness of a § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). Of the four occurrences listed in § 2244(d)(1) as sufficient to start that one-year clock, the only one applicable here is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That clock is stopped so long as "a properly filed application for State post-conviction or other collateral review" on that judgment is pending. 28 U.S.C. § 2244(d)(2).

In Georgia, "a notice of appeal shall be filed within 30 days after entry of appealable decision or judgment complained of." O.C.G.A. § 5-6-38. In other words, the time for seeking direct review expires thirty days after the entry of judgment. Here, petitioner's one-year limitation period began to run on January 10, 2004, thirty days after his December 11, 2003 guilty-plea based conviction.

After he litigated a motion for new trial (he supplies no filing and

disposition dates), Green filed a direct appeal (he does not say when) but claims it was dismissed as "untimely" on January 24, 2008. Doc. 1 at 2. He supplies no citation or docket number for either of these rulings, and the Court could not locate any on the Georgia appellate dockets. Green then notes a 2004 collateral proceeding, doc. 1 at 2, but cites no ruling and insists he received "no response" on it. *Id.* at 2-3. He next claims that he filed a "habeas corpus" proceeding in August, 2005, but he again claims he received no response. *Id.* at 3. He then claims that he traveled that same path -- he filed a habeas petition and no response -- starting in July 2008. *Id.* at 4.

Filing a state habeas action tolls the one-year limitations period, 28 U.S.C. § 2244(d)(2), but it does not reset it. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll). Although Green's petition comes up short on supplying precise start-and-stop dates for his various post-conviction filings, it is clear that he let at least one year tick by in the process of filing them. Nor does he ply any exceptions

like actual innocence or equitable tolling.

Because Antha Green's 28 U.S.C. § 2254 petition was filed well outside of AEDPA's 365-day limitations period, it should be summarily **DISMISSED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED** and **RECOMMENDED**, this 5Th day of November, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA